IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01720-REB-KLM

SHANNON MURPHY,

   Plaintiff,

v.

LOWE'S HOME CENTERS, L.L.C.,

   Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Joint Motion to Stay Discovery** [#58][1] (the "Motion"). The parties jointly ask the Court to stay discovery in this case until after a ruling issues on Plaintiff's Motion to Amend Complaint [#51], which was fully briefed as of July 24, 2018. The requested amendment includes new claims which "would significantly alter the factual scope of this lawsuit and by implication, the discovery needed to litigate the suit." *Motion* [#58] at 2. The current discovery deadline is July 31, 2018, and the current dispositive motions deadline is August 31, 2018. *See* [#24]. Thus, the parties are concerned that, should the Motion to Amend Complaint be granted, extensions of these deadlines and expansion of discovery would be required.

Although the stay of proceedings in a case is generally disfavored, the Court has

---

   [1] "[#58]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery.[2] *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC*

---

[2] The Court notes its appreciation for the unusually thoughtful and thorough application of these factors to the current circumstances of this case, despite the fact that the request for a stay

*v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

In this case, the parties assert no potential prejudice to Plaintiff from a stay, and, indeed, Plaintiff is unopposed to the stay because "a stay will benefit Plaintiff by preventing her from having to engage in disputes regarding discovery related to the putative claims." *Motion* [#58] at 4. The Court therefore finds that the first *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the second factor, the Court finds that Defendant has demonstrated that proceeding with the discovery process presents an undue burden. Given how near the parties are to the close of discovery, Defendant, absent a stay, "will be faced with the dilemma of either addressing the putative claims in depositions before the current cut-off, thereby sacrificing time that could be spent on the other five claims, or ignoring these proposed claims and being forced to reopen depositions at a significant strategic disadvantage should Plaintiff's" request for amendment be granted. *Motion* [#58] at 5. The Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until the scope of discovery, given the pending discovery deadline and discovery disputes likely to arise on claims that are solely putative at this time. *See Chavous*, 201 F.R.D. at 5. The Court there finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, Plaintiff's putative claims make allegations

---

is jointly made by the parties.

implicating non-parties including Defendant's employees and business partners. A stay of discovery would protect these third-parties from discovery requests via subpoenas and depositions until a ruling issues on the amendment request. *See Fed. Deposit Ins. Corp. v. Banc of Am. Funding Corp.*, No. 14-cv-00418-PAB-MJW, 2014 WL 1466721, at *2 (D. Colo. Apr. 14, 2015) (noting risk that "[n]on-parties could be unnecessarily burdened by discovery requests via subpoenas and/or depositions" and granting stay). Accordingly, the Court finds that the fourth *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the Court finds that the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Plaintiff's Motion to Amend Complaint [#51] is appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#58] is **GRANTED**, and discovery is stayed pending final resolution of the Motion to Amend Complaint [#51].

DATED: July 30, 2018 at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge