IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01720-REB-KLM

SHANNON MURPHY,

   Plaintiff,

v.

LOWE'S HOME CENTERS, L.L.C.,

   Defendant.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**[1]

This matter is before the Court on Plaintiff's **Motion to Amend Complaint** [#51][2] (the "Motion"). Defendant filed a Response [#57] in opposition to the Motion [#51], and Plaintiff filed a Reply [#61]. The Court has also allowed the filing of Defendant's Surreply [#68-1] and attachments as well as Plaintiff's Response to Defendant's Surreply [#73] and attachments. The Court has reviewed the relevant briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion [#51] be **DENIED**.

---

[1] The Court notes that Plaintiff refers to the undersigned as "Magistrate." *Motion* [#51] at 2. Since 1990, those who hold my position across the country have been known as "United States Magistrate *Judges*." *Judicial Improvements Act of 1990*, *codified in part* at 28 U.S.C. § 631 (emphasis added). That means, of course, that the title of "Magistrate Judge" has been in use in the federal courts for twenty-eight years. Omission of the word "Judge" from the title may reflect mere carelessness, but is nevertheless inappropriate.

[2] "[#51]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

This case involves Plaintiff's employment with, and eventual termination from, Defendant. *See generally Am. Compl.* [#14]. In the Proposed Second Amended Complaint [#71], Plaintiff seeks leave to amend the Amended Complaint [#14] to add a claim for wrongful termination in violation of public policy, with supporting allegations, and to add a request for punitive damages. *See Proposed Second Am. Compl.* [#71] at 26-30.

### I. Punitive Damages

At the outset, the Court notes that Plaintiff did not initially comply with D.C.COLO.LCivR 15.1(b), which directs a party who files an opposed motion for leave to amend a pleading to also file as an exhibit a copy of the proposed amended pleading which strikes through the text to be deleted and underlines the text to be added. Defendant noted this deficiency in its Response. *See* [#57] at 2 n.1. Despite this reminder of the Local Rule, Plaintiff did not file a proposed amended pleading with her Reply [#61], and therefore the Court ordered her to file her proposed amended pleading, which she did on October 26, 2018, more than four months after the Motion [#51] was originally filed. *See* [#71].

Plaintiff's Proposed Second Amended Complaint adds a request for punitive damages. *See* [#71] at 30. However, this proposed amendment was not mentioned in Plaintiff's Motion [#51] or Reply [#61]. There is no indication that Defendant was made aware of this requested amendment prior to October 26, 2018. Thus, given that the Proposed Second Amended Complaint [#71] was filed by Plaintiff after Defendant's last brief on this matter was filed, the addition of this amendment essentially equates to litigation by ambush.

Accordingly, the Court **recommends** that the Motion [#51] be **denied** to the extent

that Plaintiff seeks to add a request for punitive damages.

## II. Wrongful Termination in Violation of Public Policy

As an initial matter, the Scheduling Order governing this case provides that the deadline for joinder of parties and amendment of pleadings was February 26, 2018. *Scheduling Order* [#25] at 11 § 9(a). The Motion [#51] was filed on June 14, 2018, and therefore is untimely. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4); and (2) satisfaction of the Rule 15(a) standard." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)) (internal quotations omitted); *see, e.g.*, *Williams-Berrien v. Wilson*, No. 15-cv-00948-REB-KLM, 2018 WL 3829955, at *2 (D. Colo. Aug. 13, 2018); *Petekewicz v. Stembel*, No. 13-cv-01865-RM-KLM, 2015 WL 1740386, at *4 (D. Colo. Apr. 14, 2015). If the movant meets the Rule 16(b)(4) good cause standard and the Rule 15(a) standard to amend the pleadings, the movant has met the requirements to amend the pleadings. *Birch*, 812 F.3d at 1247.

In November 2016, Plaintiff's superior Leeann Kimbrell ("Kimbrell") requested that Plaintiff assist Ms. Kimbrell's husband in securing a project to build a home near Canyon City, Colorado, for Defendant's customer. *Proposed Second Am. Compl.* [#71] ¶ 162. Plaintiff objected to the request and told Ms. Kimbrell that she would not comply with the request because it was improper given that her intent was to steal a customer of Defendant for a very high value construction project (likely over $500,000 dollars) and to have Ms. Kimbrell's husband be the general contractor of the home. *Id.* ¶ 163. Plaintiff was fired approximately two weeks after questioning the ethics of this request. *Id.* ¶ 164. However,

at the time when Plaintiff's employment was terminated, no mention was made of her conversation with Ms. Kimbrell. *Id.* ¶ 165.

In December 2017, *see* [#68-1] at 4-5, after this lawsuit was filed, Plaintiff learned through another of Defendant's employees, Karin Frost ("Frost"), that after Plaintiff's employment was terminated, Ms. Kimbrell's husband's company became the main labor contractor for several of Defendant's stores. *See Aff. of Frost* [#51-2] ¶¶ 20, 26, 33. Plaintiff concedes that she learned of an alleged bid-rigging conspiracy relating to Ms. Kimbrell's husband's company from Ms. Frost in December 2017 or January 2018. *See* [#73] at 3. However, Plaintiff asserts that she "was not aware that among Plaintiff's other claims for wrongful termination, she was terminated from her employment to conceal the bid-rigging conspiracy." *Id.* She states that she "was not aware that her termination was related to the bid rigging conspiracy until she learned that it was implemented at the same time as her termination of employment when she investigated the claims made by Ms. Frost." *Id.* She asserts that "[s]he learned these facts only after Ms. Kimbrell was deposed on April 26, 2018 . . . ." *Id.* In other words, Plaintiff states that, prior to Ms. Kimbrell's deposition, Plaintiff "did not have sufficient evidence to assert the [c]laim due to lack of knowledge of the temporal proximity between the termination and the bid-rigging conspiracy." *Id.*

Defendant argues that Plaintiff fails to meet the good cause standard for extension of the deadline for amendment of pleadings under Fed. R. Civ. P. 16(b)(4), and that Plaintiff further fails to meet the requirements of Fed. R. Civ. P. 15(a)(2) based on undue delay, undue prejudice, and futility. *See generally Response* [#57]. Even assuming that Plaintiff meets the requirements of Fed. R. Civ. P. 16(b)(4) and that there is no undue delay or

undue prejudice, the Court finds that Plaintiff's claim fails on the basis of futility under Fed. R. Civ. P. 15(a)(2).  *See Response* [#57] at 9-12.  An amendment is futile only if it would not survive a motion to dismiss.  *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)).  "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *Bennett v. Wells Fargo Home Mortg.*, No. 16-cv-03185-CMA-KLM, 2017 WL 4675524, at *1 (D. Colo. Oct. 18, 2017) (citing *Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994)).

"An employment agreement for an indefinite period of time is presumed to establish an employment at will relationship that either party is free to terminate at any time with or without cause."  *Bonidy v. Vail Valley Ctr. for Aesthetic Dentistry, P.C.*, 232 P.3d 277, 281 (Colo. App. 2010).  "However, a public policy exception allows at-will employees to bring a claim for wrongful discharge if they allege termination as a result of conduct that is protected or encouraged as a matter of public policy."  *Id.*  To state a claim for wrongful discharge in violation of public policy, a plaintiff must adequately allege: "(1) the employer directed the employee to perform an illegal act as part of the employee's work-related duties or prohibited the employee from performing a public duty or exercising an important job-related right or privilege; (2) the action directed by the employer would violate a specific statute related to public health, safety, or welfare, or would undermine a clearly expressed policy relating to the employee's basic responsibility as a citizen or the employee's right or privilege as a worker; (3) the employee was terminated as the result of refusing to perform the act directed by the employer; and (4) the employer was aware that the employee's

refusal to perform the act was based on the employee's reasonable belief that the directed act was unlawful." *Id.* (citing *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 109 (Colo. 1992)).

Without commenting on the sufficiency of any other element, the Court finds that Plaintiff fails to adequately allege the fourth element. Plaintiff states that she "has not asserted the claim rests on Lowe's Ethics Code," but, rather, "that Colorado's bid-rigging statute [is] the basis of the claim . . . ." *Reply* [#61] at 7. Plaintiff alleges that she believed that acting as Ms. Kimbrell asked would have violated Lowe's Ethics Code, but she does not allege that she believed at that time that acting as Ms. Kimbrell asked would have violated Colorado's bid-rigging statute. *See, e.g.*, *Jaynes v. Centura Health Corp.*, 148 P.3d 241, 245 (Colo. App. 2006) (suggesting that public policy sufficient to support a wrongful discharge claim must "emanate[ ] from government action" and that such a claim may not be "based on a privately promulgated ethics code"). In fact, as outlined above, Plaintiff takes pains to emphasize that she did not know about a potential bid-rigging violation/conspiracy until long after her termination, i.e., until certain discovery was conducted after this lawsuit was filed. *See, e.g.*, [#73] at 3. In other words, there are no allegations that Plaintiff based her refusal to comply with Ms. Kimbrell's request on her belief that compliance would be unlawful and a violation of Colorado law. *See, e.g.*, *Crawford Rehab. Servs., Inc. v. Weissman*, 938 P.2d 540, 552 (Colo. 1997) (stating that wrongful discharge is prohibited only where the reasons for termination "contravene widely accepted and substantial public policies"). Rather, she merely alleges that she believed at the time that compliance would be unethical based on Lowe's Ethics Code. *See, e.g.*, *DeFazio v. Starwood Hotels & Resorts Worldwide, Inc.*, 554 F. App'x 692, 694 (10th Cir.

2014) (noting in connection with a claim of wrongful discharge of public policy that the employee-plaintiff "failed to identify *any* statute, rule, or public policy implicated by his dismissal" after determining that the employer-defendant's Code of Business Conduct did not bar the plaintiff's discharge). Thus, even assuming Plaintiff meets all the other requirements to permit amendment, a point on which the Court makes no finding at this time, the claim is futile because the fourth element is not met. *See Bonidy*, 232 P.3d at 281 (stating the fourth element of this claim is that the employer was aware that the employee's refusal to perform the act was based on the employee's reasonable belief that the directed act was unlawful). In short, Plaintiff simply has not alleged that she had a reasonable belief that the requested action was unlawful, and absent this belief, she cannot adequately allege that Defendant was aware that her refusal to perform the act was based on her reasonable belief that the directed act was unlawful. *See Martin Marietta Corp.*, 823 P.2d at 110 (stating that the fourth element (1) "should result in providing the employer with a fair opportunity to distinguish between the conscientious employee concerned about the legality of particular conduct demanded by the employer and the employee who refuses to carry out an order or directive not as a result of any concern for the legality of the employer's demand but out of insubordination or some improper motive," and (2) "should result in providing the employer with fair notice, prior to the discharge decision, of circumstances supportive of the employee's reasonable belief that the action directed by the employer would be manifestly illegal, would be contrary to the employee's duty as a citizen, or would abridge the employee's right or privilege as a worker").

Accordingly, the Court **recommends** that the Motion [#51] be **denied** on the basis of futility with respect to Plaintiff's proposed claim of wrongful discharge in violation of public

policy.

### III. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#51] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 ( 10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: November 8, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge